The People
v.
Clark.

In February term, 1824, the Attorney General obtained leave to file an information against the defendant in nature of a *quo warranto*, to which the defendant appeared and pleaded. The Attorney General demurred specially to the plea, entered the usual common rule, to join in demurrer, and served a copy of demurrer upon the defendant's attorney, with notice of the common rule so entered. ' The defendant's attorney thereupon entered the usual common rule to amend his plea, filed an amended plea, and served a copy on the Attorney General, without notice of the rule. This the Attorney General declined receiving, unless the defendant would consent that he should amend by adding a new count to the information. This being declined, the Attorney General treated the amended plea as a nullity ; and on the ground that it was irregular to take a rule to amend, of course, entered the defendant's default for want of a joinder in demurrer ; and the cause now came before the Court on cross motions.

The general rules of the court, in relation to plead ing, amending, &c. are applicable to proceedings upon an information in nature of a *quo warranto.*

*Talcott*, (Attorney General,) moved for judgment of *ouster*, against the defendant.

*S. Stevens*, for the defendant, moved to set aside the default for irregularity, on the ground that the defendant had

regularly amended his plea ; and the Attorney General should have answered it.

The Attorney General denied that the amendment was regular ; and insisted that the general rule of the Court, as to amending of course, did not apply.

*A. Hascall,* said that if the defendant's attorney had mistaken the practice, he had been led into the mistake by the Attorney General, who had entered a rule, of course, to join in demurrer. He thought the general rule for amending equally applicable with the one for pleading. At any rate, the Attorney General should not have treated the rule to amend as a nullity. He should have moved to set it aside. The defendant may, at least, come in on terms.

*The Attorney General* said there was no affidavit of merits. But he did not wish the defendant to be precluded from making a defence, if he had any. All he desired was, that the people should have leave to amend, as he had proposed they should do by consent ; and that the defendant should then be heard. Accordingly, if the Court should think the defendant ought to be let in, he wished to be understood as moving for leave to add another count to the information.

*Curia.* We see no reason why the parties should not proceed according to the general rules and practice of the Court as to pleading, amending, &c. We are referred to no case which is against this. The Attorney General entered a common rule to join in demurrer, and we think rightly ; and that the defendant was right in entering his common rule to amend. The Attorney General may take the rule which he asks, and proceed against the defendant upon an amended information. The defendant may plead to this *de novo.*

Rule accordingly.

NOTE. The Attorney General mentioned to the Court the case of *The King* v. *Glemmon,* in 2 Rolle's Rep. 41, where it was held that the defendant could not change his plea without the consent of the King's attorney, if a term had

arrived since the plea was put in; though the King had altered the pleadings on his part; But,

*The Court* said they never should hold a defendant to all the strictness of that case.